Morris E. Spector, J.
This is a proceeding, pursuant to section 330 of the Election Law, to invalidate and declare void the nominating petition heretofore filed with the Board of Elections in the City of New York purporting to nominate the respondent, Pierce Paley, as candidate of an independent body designated as “ Save the West Side ” for the public office of Member of the Assembly for the Fifth Assembly District, New York County, upon the grounds the signatures on said petition were obtained promiscuously and in a manner permeated with fraud and wholly *905 at variance with, the requirements of the Election Law; that many of the signers are ineligible because they had previously signed another petition for the same public office; or have voted in the Democratic primary elections; that one of the attesting witnesses was not a qualified voter; that there was an improper use of titles in the committee on vacancies, as well as an improper designation of the purported independent body.
Upon the oral report of the Special Referee, I find that the last two points were not pressed, and in any event are without merit.
I also find upon the authority of Matter of Bowes v. Board of Elections (265 N. Y. 603) that the subscribing witness need be only a qualified voter and need not at the time he so subscribed be registered to vote at the coming election. Furthermore, it has been stated by the respondent Paley’s attorneys that the subscribing witness had registered during the recently past registration dates and is now a registered qualified voter and, therefore, the signatures secured by him are acceptable subject to being stricken for other reasons.
I find that 3,119 signatures were submitted to the Board of Elections; that 614 signers were excluded as not registered, and 98 were excluded for other reasons, leaving a total of 2,407 acceptable signatures found by the Board of Elections. Fifteen hundred signatures are required for nomination by an independent body.
The petitioner’s attack herein is based upon questions of fact and of law which are not within the jurisdiction of the Board of Elections.
At the hearing before the Special Referee, after one Victor R. Cohen had already testified as one of the subscribing witnesses that he could not say that he secured more than 25 out of approximately 165 signatures which he had attested to as the subscribing witness, it was stipulated that 7 other witnesses, all of whom are subscribing witnesses, would testify, in substance, that as to some of the signatures affixed to the nominating petition, they were not actually present when the petition was signed; that they did not know the signers. It was further stipulated that the total signatures witnessed by the 7 subscribing witnesses, together with subscribing witness Cohen, would total 1,079, of which 298 had been previously stricken by the Board of Elections, leaving a balance of 781, of which only about 20% — or 156 — were actually the true number secured by said 8 subscribing witnesses. In short, the respondents consent that at least 625 of the contested signatures are invalid. The petitioner urges that not only should all the signatures secured by said subscrib *906 ing witnesses be invalidated but since the petition consisting of 3,119 signatures is so permeated with irregularities, it should be stricken in its entirety.
The court will follow the principle set down in Matter of Lefkowitz v. Cohen (262 App. Div. 452, aff. 286 N. Y. 499) and Matter of Burke v. Terry (203 N. Y. 293) to the extent of invalidating the total sum of signatures secured by these subscribing witnesses — or to the extent of striking out 781 signatures. Therefore, on the first objection, 781 signatures are deducted from 2,407, leaving a balance of 1,626 signatures.
The petitioners also urged that 184 signers had previously signed designating petitions for the same public office.
Although subdivision 6 of section 138 of the Election Law reads: “ The name of a person signing such a petition * * * shall not be counted * * * if the name of a person who has signed such a petition appears upon another petition nominating the same or a different person for the same office ”, in the instant case it must be read with section 149 — ‘ ‘ Uncontested Primaries. All persons designated for uncontested offices or positions at a primary election shall be deemed nominated or elected thereto, as the case may be, without balloting ”.
Tn the instant case the office of Member of Assembly, Fifth Assembly District, New York County, was uncontested on primary day in the Bepublican party in which there were no contests at all; and in the Democratic party in which there were contests for other public offices but not for Member of Assembly, Fifth Assembly District, New York County.
Since the name of a candidate can only be placed upon the voting machine at the general election after nomination at the primary election or by independent nomination pursuant to section 138 of the Election Law, a person designated for an uncontested office at a primary election is deemed nominated at such primary election by virtue of the signers of the designating petition without the need of balloting.
Therefore, the court holds that a person who signs a designating petition for an office which is uncontested at the primary election is deemed to have nominated the person for such office at a primary election, and hence said person is not eligible to sign an independent petition under subdivision 6 of section 138 of the Election Law.
Therefore, 184 additional signatures are invalidated reducing the number from 1,626 to 1,442.
The petitioner further urges that 220 signers had previously voted in the Democratic primary. Subdivision 6 of section 138 states that: “The name of a person signing such a petition *907 * * # shall not he counted * * * if such person voted at a primary election where a candidate was nominated for an office for which such petition purports to nominate a candidate
For the reason previously stated, viz., that a person who signs a designation petition for an office which is uncontested at the primary election is deemed to have nominated such party for such office at the primary election, the court holds that such persons, who voted in such primary election had voted at a primary election where a candidate was nominated for an office for which such petition purports to nominate a candidate.
It, therefore, follows that 220 additional names of signers must he stricken, thereby reducing the number from 1,442 to 1,222. These 1,222 signatures are less than the 1,500 required valid signatures for nomination to the office in question.
Accordingly, the application is granted and the nominating petition is annulled, and the Board of Elections is enjoined and restrained from printing and placing upon the official ballot the name of the respondent as candidate of the purported independent body designated as “ Save the West Side ”.